UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTICT OF TEXAS



David J. Bradley, Clerk of Court

| | |
|---|---|
| TERAN GONZALEZ<br>PLAINTIFF | §<br>§<br>§ |
| VS. | § CIVIL CASE NUMBER_)_____ |
| THOMAS NIXON<br>Sued in his individual<br>and Official Capacity<br>ASHLEY HENDERSON<br>Sued in his Individual<br>and Official Capacity | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

## SUIT FOR CONSTITUTIONAL RIGHTS VIOLATION

Comes Now, TERAN GONZALEZ, Plaintiff, and files this suit for Constitutional RIGHTS Violation as remedy to Constitutional Right violation resulting from a Disciplinary Hearing that resulted in an increase in the duration of confinement for the plaintiff. I a as Plaintiff respectfully requests to show the court the following:

### I. JURISDICTION

1. Plaintiff brings this action pursuant to 42 U.S.C. § 1983.

This court has Jurisdiction under 28 U.S.C. § 1343 and article III OF the U.S. CONSTITUTION.

### II. VENUE

2. The Southern District of Texas Is an appropriate Venue under 28 U.S.C. § 1391(b)(2) because a substantial part of the event or omissins qiving rise to the claims occured in this district

### III. PARTIES

3. Plaintiff Teran Gonzalez was at all times relevant to this suit as a U.S. Citizen incarcerated within the Texas Department of Criminal Justice on the O.L. Luther Unit located in Navasota, Texas.

1.

4. Defendant Thomas Nixon was relevant to this suit as a Captain within the Texas department of criminal justice. Thomas Nixon Presided over the Hearing that is the subject of suit. Captain Thomas Nixon is sued in his official and individual capacities.

5. Defendant Ashley Henderson was relevant to this action at the commencement of the appeal of the disciplinary hearing via Step 1 grievance and Step 2 grievance. Henderson is the Grievance officer on the O.L. Luther Unit responsible for correctly classifing Grievances and filing them properly.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. Plaintiff sought to exhaust his administrative remedies as required by prison policy by filing Step 1 Grievance and Step 2 Grievance. The attempt to exhaust remedies was thwarted by Officer Henderson. Grievances failed to correct the Rights violation.

## V. STATEMENT OF THE FACTS

7. Teran Gonzalez is a United states Citizen sentenced to serve a sentence of confinement within the Texas Department of Criminal Justice and is currently housed on the O.L. Luther Unit located in Navasota Texas.

8. Plaintiff received disciplinary case number 20200003851 Level 2 Offense code 30.0 Soliciting assistance from an offender, staff member or any other person to violate the TDCJ RULES OR EMPLOYEE RULES.

9. Plaintiff attended a Disciplinary Hearing that was officiated by Captain Thomas Nixon. Nixon found the plaintiff guilty without a showing of the evidence relied on to make the decision.

2.

10. Thomas Nixon iisued punishment to the plaintiff that resulted in a loss of Good time and reduction of line class time earning status, directly affecting tplaintiffs duration of confinement.

11. Nixons punishment rendered the Plaintiff ineligible for parol parole review as per the Texas Government Code § 508 which prohibits parole release for prisoners who lose good time and line class within 6 months of their next parole review date, an action directly affecting plaintiffs duration of confinement.

12. On 9-30-2019 Plaintiff filed a Step 1 Grievance as appeal to the decision of Thomas Nixon.

13. On 10-3-2019 The Step 1 Grievance was returned denied, stating that there was sufficient evidence to support a finding of guilt and that there were no due process violations. see exhibit 1.

14. on 10-17-19 Plaintiff filed Step 2 Grievance attempting to resolve theissue.

15. On 2-26-19 Plaintiff contacted the Luther law library in attempt to find out where the Step 2 grievance was since it had not yet been sent back to the plaintiff. Funds were removed from the Plaintiffs Offender Trust fund to pay for copies of the Step 2 Grievance.

16. On 3-16-2020 the step 2 Grievance was returned to the plaintiff containing a denial of relief. The grievance also contained the same investigator Id number as another grievance, the grievances listed different names as investigators.

3.

## VI.CAUSES OF ACTION

### GROUND 1

17. Plaintiffs 14th Amendment right to due process was violated Plaintiffs constitutional right to be informed of the Nature and cause of the accusations against him was also violated.

18. As a general proposition plaintiff may bring cause of action pursuant to : 1983 to remedy violations of both federal constitution and federal statues.112 F.3d 1522.

19. The Plaintiff received punishment for a disciplinary case that stated that he solicited someone to violate a rule , and the rule listed as the rule violated was "violating a rule". If someone says you violated a rule and then you ask them what rule and the only answer they can give you is " a rule" then thats not adequate notice of the Nature and cause of the accusation.

20. Plaintiffs Due process rights were violated due to the fact that there was no notice of the disiplinary violation as required under Wolff v. Mcdonnel, 418 U.S. 539 A Supreme Court case which found that, when prisoners lose good time credits because of a disiplinary offense, they are entitled to: (1) Written Notice of the disciplinary violation, (2) the right to call witnesses at the hearing, (3) Assistance in preparing for the hearing (4) A written statement of the reasons for being found guilty and (5) a fair and impartial decision maker in the hearing.

21. In the plaintiff's case numbers 1, 2,and 5 were not met.

22. The first condition stated in paragraph 20 under Wolff v Mcdonnell that was not met was written notice of the

.4.

disciplinary offense. In this case, Soliciting assistance from an offender, a staff member or any other person to violate a TDCJ rule requires a 2 part notification. Notice of the actual rule that was violated is also requisite. In order to give the appearance that an actual rule had been stated the charging officer stated the following: Offender violated level3 offense code 45.0 violation of a written or posted rule not contained in these rules but consistent with these rules. This offense requires that there be a written or posted rule. pages 69 and 53 of the officers disciplinary charging handbook states that both offenses require that the actual rule be stated.

23. The second aspect of the Wolff v. Mcdonnell case stated in paragraph 20a due process rights violation is failure of
    allowing plaintiff to call a witness namely the sender of the Electronic Commissary purchase Mandy Karn. Karn has submitted an affidavit stating that no solicitation occured. the plaintiff was barred from using Mandy Karn as a witness by Captain Nixon the officer who presided over the hearing

24 The third aspect of the standard mentioned in paragraph 20 that effectively amounts to another due process violation is that there was no written statement of the reasons for the finding of guilt

25. The plaintiffs due process rights were violated by Captain Nixon when he allowed Sgt. Myles to alter the date of the offense so that it would still fall within TDCJ's Statue of limitatinos for writting a disciplinary case. Sgt. myles stated in the offense report that The Electronic Commissry purchase occured on 9-4-19 when in fact it had occured in

5.

june of 2019 a date outside of the statue of limitations for an officer to write a disciplinary case. as evidence during discovery the plaintiff will request the TDCJ official provide the official statement from offender Menjivar's trust fund so the actual date can be known as plaintiff is incarcerated and unable to acess another offenders trust fund statement. Falsification of a state document is a crime Nixon assisted inthe coverup and failed to report it upon becoming aware which makes him an accomplice Effectively waiving his immunity.

26. THe Due process violations above were effectively violated by Thomas Nixon because he was the hearing officer charged with insuring that there were no due process violations during the hearing.

27. officer henderson returned to the plaintiff multiple grievances after becoming aware that the plaintiff was attempting to obtain the grievances. Henderson had never processed the Step 2 grievance serving as disciplinary case appeal and attempted to falsify an investigator identification number and investigator signature to give the appearance that the step 2 grievance had actually been filed. This is a due process violation and a violation of plaintiffs first amendment right of free speech which encompasses the right to petition the court for redress of grievances.

28. Tex. App Fort Worth 2008 a Texas Department of criminal Justice Disciplinary decision is subject to the Grievance procedure, Leachman v. Dretke 261 S.W.3d 297

6.

29. Inmates who are charged with an offense that could deprive them of good time credit care credit are entitled to those minimum procedures appropriate under the circumstances and re required by the due process clause to insure that their rights are not arbitrarily abrogated USCA CONSTITUTIONAL AMENDMENT 14 TURNER V JOHNSON 46 F.supp.2d 655

### VII QUALIFIED IMMUNITY

30. The standard for qualified Imunity. (1) Whether facts alleged or shown by plaintiff make out violation of constitutional right and (2) if so whether that right was clearly establishe ed at time of defendants alleged miconduct is often app- roprite, courts may exercise their sound discretion in deciding which of the two prongs should be addressed first in light of circumstances in the particular case at hand receding from saucier v. katz 533 U.s. 194, 121 s

31. Under qualified immunity doctrine conduct may be clearly established as unlawful in three ways: (1) through explicit statutory or constitutional statements (2) through authorita- tive judicial decisions that establish broad principals of law that are clearly established, applicable in a variety of factual contexts going beyond the particular circumstances of the decision that establishes the principal, and (3) Most com- monly, through case law previously elucidated in materially si similar cicumstances BATTISTE V. LAMBERTI S.D. FLA. 2008 571 f.supp 2d 1286

32. Plaintiff states that all defendants lack qualified immunity due to the fact that assisted anthony myles in the coverup of the crime of falsifing government documents

and the plaintiffs allegations make out a violation of plaintiffs first amendment right to petition the government for redress of grievances and a fourtenth amendment right to due process. All defendants are accomplices in a crime and failed to report the crime themselves which in iself is a crime.

33. VIII. HARM SUFFERED BY THE PLAINTIFF

34. THE PLAINTIFF WAS UNABLE TO BE REVIEWED FOR PAROLE

35. the plaintiff loss good time and as a result his mandatory release date has been increased.

36. The plaintiff lost his line class and was reduced to a lower time earning status so he was not able to earn good time credits at the same rate as before the case.

37. The plaintiff had a negative mark on his record that affected his parole review when he did receive a parole review 6 month months later than he would have had not had his due process rights violated.

38. Plaintiff was ordered to serve the remainder of his sentence by the parole board. The reason for which was poor institutional adjustment.

38. Plaintiff suffered mental anguish as a result of the due process violation that increased his mandatory release date.

39. Plaintiff suffered personal humilation and impairment of reputation as a result of the due proceess violation. The relationship with his family became diminished due to the fact that they were under the false assumption that the plaintiff was still engaging in behavior that is wrong.

## VIIII. RELIEF

40. The plaintiff respectfully requests the Court grant the following relief as remedy to the harm suffered:

41. Review the disciplinary case that is the subject of this suit TDCJ case **number** 2020003851.

42. award attorneys fees to the plaintiff because he acted as his own attorney.

43. award compensatory damages on the grounds of the following Court decision : Compensatory damages in § 1983 action may include not only out of pockect loss and other monetary harms but also such injuries as impairment of reputation, personal humiliation and mental anguish and suffering 114 f.3d 778

44. Award punitive damages to deter other officers from engaging in simillar behavior based on the following court decisions: Punitive damages are awarded in § 1983 action to punish defendant for his willful or malicious conduct and to deter others from simillar behavior 114 f.3d 778

45                             PRAYER

46. The plaintiff requests that the court GRANT the relief listed above. The plaintiff PRAYS that the Court grant the relief.

                                    OATH

47. The plaintiff swears upon the penalty of perjury that that the above and fore-going is true to the best of his knowledge and belief.

                                                Respectfully submitted

                                                TERAN GONZALEZ
                                                WITHOUT PREJUDICE

VERIFICATION

Pursuant to 28 U.S.C. § 1746, I declare and verify under penalty of perjury of the laws of The United States Of America and the State of Texas that the foregoing is true and correct to the best of my personal Knowledge and not meant to mislead. Executed on this ____ day of _____ 2020

*[signature]*

TERAN GONZALEZ

1800 Luther Drive

Navasota Texas

77868

In The State OF Texas      §   SS.
County of Grimes           §

### AFFIDAVIT DECLARING PREVIOUS FILINGS

I, Teran Gonzalez, Affiant, being of sound mind, lawfully able to contract, over the age of twenty one, and competent to testify do attest to the following:

1. I, Affiant, am plaintiff in this suit.

2. I have filed an original Petition For Suit Of Theft Of Property in Grimes County Texas on april 1 2020

I swear under the penalty of perjury of the laws of the united states of America and the State of Texas, that the above and foregoing is true and correct and not meant to mislead.

Signed this 20th DAY OF April, 2020

by, _____
TERAN GONZALEZ

WITHOUT PREJUDICE UCC 1-308

This document was acknowledged before me on 4/20/20

BY _____
NOTARY

MY COMISSION EXPIRES: 9/1/21

Cody Klitkoski
ID# 13126866-1
Notary Public, State of Texas
My Commission Expires
9/1/2021
Notary Without Bond