Case 4:20-cv-01766   Document 10   Filed on 06/29/20 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
June 29, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TERAN GONZALEZ, <br> TDCJ # 01752560, <br><br> Plaintiff, <br><br> VS. <br><br> THOMAS NIXON, *et al.*, <br><br> Defendants. | § § § § § § § § § § § <br><br> CIVIL ACTION NO. 4:20-1766 |

### ORDER OF DISMISSAL

Plaintiff Teran Gonzalez, an inmate in the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ"), filed a civil rights complaint under 42 U.S.C. § 1983. Gonzalez proceeds *pro se* and *in forma pauperis*. Because this case is governed by the Prison Litigation Reform Act ("PLRA"), the Court is required to scrutinize the pleadings and dismiss the complaint in whole or in part if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A. After reviewing all of the pleadings as required, the Court concludes that this case must be **DISMISSED** for reasons that follow.

### I.    BACKGROUND

According to TDCJ's online records, Gonzalez was convicted in Brazos County in 2011 for manufacture or delivery of a controlled substance, Case No. 10-01697-CRF-272. He is serving a ten-year sentence. *See* Offender Information Details (available at https://offender.tdcj.texas.gov/OffenderSearch/) (last visited June 29, 2020).

Gonzalez filed an initial complaint (Dkt. 1) and, as instructed, an amended complaint (Dkt. 9) on the Court's form. He does not make allegations about the conditions of his confinement or raise a claim that is traditionally presented in a civil rights complaint under 42 U.S.C. § 1983. He also does not challenge the validity of his underlying conviction, which is a subject matter reserved for federal habeas corpus review. Rather, Gonzalez complains about a disciplinary case brought against him at TDCJ's Luther Unit, Case No. 20200003851. Gonzalez states that, at a hearing on September 16, 2019, he was found guilty of soliciting assistance to violate TDCJ rules. He brings claims against Thomas Nixon, a captain who presided over his disciplinary hearing, and Ashley Henderson, a grievance officer at the Luther Unit. As a result of his disciplinary conviction, Gonzalez lost good-time credits and now has a reduced earning status for future credits. He states that, as a result of the conviction, he was rendered ineligible for parole review (Dkt. 1, at 8; Dkt. 9, at 4).

Gonzalez claims that his due process rights were violated in connection with the hearing. He alleges that, although he was found guilty of solicitation to violate a rule, Nixon and the other officials never identified the relevant underlying TDCJ rule, and he therefore did not receive adequate notice of the charge against him. He also alleges that Nixon found him guilty without sufficient evidence, and that his alleged offense was outside the relevant limitations period and should have been time-barred (Dkt. 1, at 4-7).

Gonzalez exhausted his claim by filing an administrative grievance challenging his conviction, which officials denied at both stages of the grievance process (Dkt. 1-1). He

complains that Henderson "purposely misclassified" his grievance and failed to process it properly (Dkt. 9, at 3-4).

Federal court records do not reflect any habeas petition filed by Gonzalez.

As relief from this Court, Gonzalez seeks reversal of his disciplinary conviction, restoration of his good-time credits, an unspecified amount of monetary damages against Defendants, and legal fees (Dkt. 9, at 4; *see* Dkt. 1, at 9).

## II.  STANDARD OF REVIEW

As required by the PLRA, the Court screens this case to determine whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A district court may dismiss a complaint as frivolous "if it lacks an arguable basis in law or fact." *Geiger v. Jowers,* 404 F.3d 371, 373 (5th Cir. 2005). A dismissal for failure to state a claim is governed by the same standard for Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC,* 301 F.3d 227, 231 (5th Cir. 2002). Under this standard, the Court "construes the complaint liberally in favor of the plaintiff," "takes all facts pleaded in the complaint as true," and considers whether "with every doubt resolved on [the plaintiff's] behalf, the complaint states any valid claim for relief." *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (internal citations and quotation marks omitted).

In reviewing the pleadings, the Court is mindful of the fact that Plaintiff proceeds *pro se*. Complaints filed by *pro se* litigants are entitled to a liberal construction and, "however inartfully pleaded, must be held to less stringent standards than formal

pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Even under this lenient standard a *pro se* plaintiff must allege more than "'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Additionally, regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *Geiger*, 404 F.3d at 373.

### III.  DISCUSSION

Gonzalez complains that Defendants violated his due process rights in connection with a disciplinary conviction, which affected his eligibility for release on parole.[1] He seeks an order overturning his conviction, restoring his good-time credits, and awarding damages and fees against Defendants.

---

[1] Under Texas law, a prisoner can be eligible for early release from confinement in two ways: "parole" and "mandatory supervision." "Parole" means "the discretionary and conditional release of an eligible inmate sentenced to the institutional division so that the inmate may serve the remainder of the inmate's sentence under the supervision of the pardons and paroles division." TEX. GOV'T CODE § 508.001(6). "Mandatory supervision" is "the release of an eligible inmate so that the inmate may serve the remainder of the inmate's sentence not on parole but under the supervision of the pardons and paroles division." *Id*. § 508.001(5). Whereas parole is wholly discretionary, *id*. § 508.141, an inmate's release to mandatory supervision is required, subject to certain exceptions, when the "actual calendar time the inmate has served plus any accrued good conduct time equals the term to which the inmate was sentenced." *Id*. § 508.147(a); *see Jackson v. Johnson*, 475 F.3d 261, 263 n.1 (5th Cir. 2007). Regardless of the distinction, once an inmate is released to mandatory supervision, he is considered to be on parole. *See id.*

When a Texas inmate is eligible for mandatory supervision, a legal challenge requesting immediate or speedier release is properly presented in habeas corpus proceedings under 28 U.S.C. § 2254. *See Kennedy v. State of Texas Pardons and Paroles*, 136 F. App'x 712 (5th Cir. 2005); *Ex parte Geiken*, 28 S.W.3d 553 (Tex. Crim. App. 2003). Although the line between civil rights claims and habeas claims is often "blurry," "challenges to the fact or duration of confinement are properly brought under habeas, while challenges to the conditions of confinement are properly brought under § 1983." *Poree v. Collins*, 866 F.3d 235, 243 (5th Cir. 2017) (footnotes omitted); s*ee Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994).

Gonzalez brings this suit as a civil rights action under 42 U.S.C. § 1983 rather than a habeas action. Under *Heck v. Humphrey*, 512 U.S. 477 (1994), a § 1983 claim for damages that bears a relationship to a conviction or sentence is not cognizable unless the conviction or sentence has been invalidated. To prevail based on allegations of "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a civil rights plaintiff must prove "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Id.* at 486-87. If a judgment in favor of a civil rights plaintiff "would necessarily imply the invalidity of his conviction or sentence," then the complaint "must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487; *see Hainze v.*

*Richards,* 207 F.3d 795, 798 (5th Cir. 2000). The Supreme Court has unequivocally stated that "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis removed).

A finding in Gonzalez's favor in this case would necessarily imply that the duration of his sentence has been unlawfully extended. Therefore, he is entitled to proceed with his claim under 42 U.S.C. § 1983 only if his disciplinary conviction has been reversed or otherwise declared invalid. The records supplied by Gonzalez with his initial complaint demonstrate that his conviction was upheld on appeal through TDCJ's administrative grievance process (Dkt. 1-1). Federal records do not reflect, and Gonzalez does not claim, that he has successfully challenged his disciplinary conviction by filing a writ of federal habeas corpus. The rule in *Heck* therefore precludes his claim for relief. *See Wilkinson*, 544 U.S. at 81-82; *Clarke v. Stalder*, 154 F.3d 186, 190-91 (5th Cir. 1998) (en banc).[2]

Gonzalez's civil rights claims are not cognizable under 42 U.S.C. § 1983 at this time and his claims must be dismissed. His claims for monetary damages will be

---

[2] To the extent Gonzalez brings a due process claim against Henderson based on her involvement in the grievance process, his claim fails. An inmate does not have a protected interest in having grievances investigated or resolved to his satisfaction. *See Stauffer v. Gearhart*, 741 F.3d 574, 587 (5th Cir. 2014); *Geiger*, 404 F.3d at 374. Because the documents submitted by Gonzalez demonstrate that officials reviewed his grievance and provided "a written justification for why he was not entitled to relief," he fails to state a due process claim against Henderson in connection with the grievance process. *See Stauffer*, 741 F.3d at 587.

dismissed with prejudice until the *Heck* conditions are met. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (explaining that claims barred by *Heck* are "dismissed with prejudice to their being asserted again until the *Heck* conditions are met"). His claims for injunctive relief will be dismissed without prejudice. *See id.*; *Clarke*, 154 F.3d at 191.

IV. **CONCLUSION**

For the reasons stated above the Court **ORDERS** that:

1. The complaint under 42 U.S.C. § 1983 is dismissed pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief can be granted. The plaintiff's claims for monetary damages are **DISMISSED with prejudice** to his claims being asserted again until the *Heck* conditions are met. His claims for injunctive relief are **DISMISSED without prejudice**.

2. All other pending motions, if any, are **DENIED as moot**.

The Clerk will provide copies of this order to the parties.

 SIGNED at Houston, Texas, this 29th day of June, 2020.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE